## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-22072-KMM

GAIL TAFT,

      Plaintiff,

v.

THE DADE COUNTY BAR
ASSOCIATION, INC.,
LEGAL AID SOCIETY OF THE
DADE COUNTY BAR ASSOCIATION,
MIAMI-DADE COUNTY, FLORIDA,

      Defendants.

_____/

### ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

This cause is before the Court on Defendants Miami-Dade County (the "County") and

Dade County Legal Aid Society's ("Legal Aid") Motion to Dismiss Complaint (ECF No. 11) and

Defendant Dade County Bar Association's (the "DCBA") Motion to Dismiss Count VIII of

Plaintiff's Complaint (ECF No. 13).  For the reasons that follow, the motions are granted.

I.      **BACKGROUND**

This is an action brought by Plaintiff Gail Taft against Defendants DCBA, Legal Aid, and

the County (collectively, the "Defendants") in which Taft alleges the Defendants discriminated

and retaliated against her because of her age and disability.  The eight-count Verified Complaint

(ECF No. 1) asserts claims for violation of the American with Disabilities Act (Counts I and II),

violation of the Florida Civil Rights Act (Counts III, IV, and VI), violation of the Age

Discrimination in Employment Act (Count V), unlawful retaliatory discharge (Count VII), and

violation of the Florida Deceptive and Unfair Trade Practices Act (Count VIII).  Compl. ¶¶ 17–56.  As relief, Taft seeks damages and injunctive and declarative relief.  *Id*. ¶ 1.

The Verified Complaint alleges as follows.  Taft began with the DCBA as an attorney in 2001, eventually being promoted to senior attorney after more than ten years on the job.  *Id*. ¶¶ 3, 6.  Due to staff cutbacks, the workload increased for attorneys and support staff, and Taft took on additional duties.  *Id*. ¶ 7.  But in October 2011, when asked to cover for an attorney out on maternity leave, Taft informed her supervisor, Juanita Cendan, that she could not assume additional responsibilities because of a recently-discovered health condition.  *Id*. ¶ 8.  Cendan asked about the nature of the condition, and after some initial reluctance, Taft revealed that she had been diagnosed with cancer.  *Id*.  Cendan agreed to keep the information confidential.  *Id*.

Taft soon learned, however, that Cendan had disclosed her medical condition to other employees, including the Executive Director of the DCBA, Sharon Langer.  *Id*. ¶ 9.  When Taft confronted her supervisor about this, Cendan escalated the matter to Langer.  *Id*.  Cendan and Langer then began demanding increased accountability from Taft regarding the status of her caseload.  *Id*. ¶ 11.  Taft characterizes this as harassment, claiming that other similarly-situated employees were not treated the same way.  *Id*. ¶ 12.

In March 2012, Taft was called into Langer's office.  *Id*. ¶ 14.  With Cendan also present, Langer informed Taft she was terminating her employment because Taft had been rude to another employee and had previously been talked to about her performance.  *Id*.  A younger employee replaced Taft.  *Id*.

Taft then sued the Defendants for unlawful employment discrimination and retaliation.  She initially filed suit in the Circuit Court in and for Miami-Dade County, Florida, after which

the Defendants timely removed the case to federal court.  The Defendants now move to dismiss this action.

## II.     LEGAL STANDARD

Rule 8(a) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim showing the pleader is entitled to relief.  Fed. R. Civ. P. 8(a).  While a complaint need not set forth detailed factual allegations, a plaintiff's obligation to provide the grounds for relief requires more than labels and conclusions, and "a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id*.  "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal."  *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).  The Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

## III.    DISCUSSION

The Defendants move to dismiss the Verified Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.[1]  The County and Legal Aid seek dismissal with leave to replead of Counts I–VII.  They, along with the DCBA, also seek dismissal with prejudice of Count VIII for failure to allege a cause of action under the Florida Deceptive and Unfair Trade Practices Act (the "FDUTPA").  After careful review, the Court finds that the Verified Complaint fails to state a claim on which relief can be granted.

---

[1] While the County and Legal Aid cite Rules 8, 10, 12(e) and (f) as the grounds for their motion, based on the relief sought—dismissal of the Verified Complaint as a "shotgun" pleading—the Court will adjudicate their request under Rule 12(b)(6).

**A.     Counts I–VII Are Dismissed With Leave to Replead As "Shotgun" Pleadings**

Counts I–VII are "shotgun" pleadings, failing to meet the standards of Rules 8 and 10. They violate Rule 8 because they are not "short and plain" statements of Taft's claims.  They violate Rule 10 because they do not identify which of the numerous facts alleged apply to the each count, or to which of the three Defendants.  In that way, Counts I–VII fail to plead a right to relief.

*1.      Applicable Law*

The allegations in a complaint "must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1), and the complaint must "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b).  A "shotgun pleading"— one in which "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief"—does not comply with the standards of Rules 8(a) and 10(b). *Anderson v. Dist. Bd. of Trs. of Ctr. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996); *see also Magluta v. Samples,* 256 F.3d 1282, 1284 (11th Cir. 2001).  It forces the district court to sift through the facts presented and decide for itself which are material to the particular claims asserted. *See Anderson*, 77 F.3d at 366–67.  The United States Court of Appeals for the Eleventh Circuit "has addressed the topic of shotgun pleadings on numerous occasions in the past, often at great length and always with great dismay." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1297 n.9 (11th Cir. 2002) (citations omitted).

*2.      Counts I–VII Are Shotgun Pleadings*

Counts I–VII are classic shotgun pleadings.  The factual allegations in the first fourteen paragraphs are incorporated into each count without regard as to whether the facts alleged are actually relevant to a particular count.  In other words, Taft fails to connect the factual

allegations in the Verified Complaint to the various causes of action.  Counts I–VII are therefore dismissed with leave to replead.

### B.      Count VIII Is Dismissed With Prejudice Because Taft Has Failed to State a Claim for Relief Under the Florida Deceptive and Unfair Trade Practices Act

Taft likewise fails to state a claim for relief under the FDUTPA.  The FDUTPA gives consumers stronger legal protection against commercial wrongdoing by prohibiting unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce.  This consumer protection statute, however, applies only to "consumers"—which Taft is not—leaving her without standing to bring a claim under the FDUTPA.  As a result, Taft has failed to allege a claim for relief under the FDUTPA, and Count VIII is dismissed with prejudice.

#### 1.      Applicable Law

The FDUTPA is a consumer protection statute proscribing "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive trade or commerce."  Fla. Stat. § 501.204(1).  It authorizes a private cause of action for actual damages by any "person" who has suffered a loss as a result of a violation of the statute.  Fla. Stat. § 501.211(2).  In 2001, the Florida Legislature amended the FDUTPA's standing provision by replacing the word "consumer" with the word "person."  *Leon v. Tapas & Tintos, Inc.*, 51 F. Supp. 3d 1290, 1296 (S.D. Fla. 2014).

District courts in this circuit are divided over whether the 2001 amendment extended the FDUTPA to non-consumers, and the Eleventh Circuit has yet to resolve this split.  *See Democratic Republic of the Congo v. Air Capital Grp., LLC,* No. 14-11243, 2015 WL 3619452, at *7 (11th Cir. June 11, 2015) (acknowledging this "interpretive tussle" but declining to resolve it).  Some courts adopt a narrow reading of the statute and extend FDUTPA protection only to

persons who are deceived when buying or selling goods and services.  *Id.* at *6; *see also Carroll v. Lowes Home Centers, Inc.*, No. 12-23996-CIV, 2014 WL 1928669, at *3 (S.D. Fla. 2014) (concluding that "person" applies only to "consumers," including businesses that are consumers); *Leon v. Tapas & Tintos, Inc.*, 51 F. Supp. 3d 1290, 1296 (S.D. Fla. 2014) (dismissing the plaintiff's claim with prejudice because the plaintiff "cannot be said to be a 'consumer,' as he has not, nor has he alleged to have, engaged in any consumer transaction"); *Raimbeault v. Accurate Mach. & Tool, LLC*, No. 14-CIV-20136, 2014 WL 5795187, at *7 (S.D. Fla. Oct. 2, 2014) (finding that "only 'consumers' who engage in the 'purchase of goods or services' are 'persons' with standing to pursue FDUTPA claims," and dismissing with prejudice the plaintiff's FDUTPA claim because it failed to allege the "purchase of goods or services from any Defendant"); *Kertesz v. Net Transactions, Ltd.*, 635 F. Supp. 2d 1339, 1348–50 (S.D. Fla. 2009).[2]  In *Kertesz*, for example, a college student sued a website operator under the FDUTPA for posting lewd photos of her without her consent.  635 F. Supp. 2d at 1342.  The court held that the student lacked standing because she was not injured in a market transaction between the parties.  *Id.*

Other courts, however, embrace a more expansive reading and extend FDUTPA protection to any person injured by a deceptive or unfair practice, regardless of whether he or she sustained the injury in a sale or purchase.  *Democratic Republic of the Congo*, 2015 WL 3619452, at *6; *see also Hinson Elec. Contracting Co. v. Bellsouth Telecomms., Inc.,* No. 3:07-

---

[2] For more cases interpreting the FDUTPA narrowly, see *Pinecrest Consortium v. Mercedes-Benz USA, LLC,* No. 13-20803-CIV, 2013 WL 1786356, at *1–2 (S.D. Fla. Apr. 25, 2013) *Cannova v. Breckenridge Pharm., Inc.,* No. 08-81145-CIV, 2009 WL 64337, at *3 (S.D. Fla. Jan. 9, 2009); *Goodbys Creek, LLC v. Arch Ins. Co.,* No. 3:07-cv-947-J-33HTS, 2008 WL 2950112, at *8–9 (M.D. Fla. July 31, 2008); *Hughes Supply v. Cont'l Recovery Servs.,* No. 6:07-cv-1009-Orl-31KRS, 2007 WL 2120318 (M.D. Fla. 2007); *Badillo v. Playboy Entm't Grp., Inc.,* No. 8:04CV591T30TWM, 2006 WL 785707, at *6 (M.D. Fla. Mar. 28, 2006); *Monsanto Co. v. Campuzano,* 206 F. Supp. 2d 1252, 1268 (S.D. Fla. 2002).

cv-598-J-32MCR, 2008 WL 360803, at *1 (M.D. Fla. Feb. 8, 2008); *Furmanite Am., Inc. v. T.D. Williamson, Inc.,* 506 F. Supp. 2d 1134, 1145–47 (M.D. Fla. 2007).   In *Hinson*, for instance, a commercial electrical contractor broke a utility company's underground telephone lines in an excavation, and the utility company overbilled the contractor for the damage.  2008 WL 360803, at *1.  The court found that the contractor had standing under the FDUTPA because it suffered an unfair and deceptive act in the course of commerce.  *Id*. at *3.  It did not matter that the contractor purchased nothing of value from the utility company.  *See id.*

Given the overwhelming weight of authority in favor of a narrow reading, this Court holds that "person" in section 501.211(2) means only "consumers," including businesses that are consumers, and the FDUTPA applies only to a consumer injured by an unfair or deceptive act when buying or purchasing goods and services.

Such an interpretation is consistent with the statute's legislative history.  The legislative history of the 2001 amendment indicates that the Florida Legislature did not intend to expand the FDUTPA to non-consumers.  *Id*. at *3.  Rather, the purpose of the amendment was to clarify that remedies available to individuals under the FDUTPA are also available to businesses.  *Id*. (citing House of Representatives Committee on Agriculture & Consumer Affairs Analysis, HB 685, March 12, 2001, page 4; Senate Staff Analysis and Economic Impact Statement, CS/SB 208, March 22, 2001, pages 3–4); *Pinecrest Consortium, Inc. v. Mercedes-Benz USA, LLC*, No. 13-20803-CIV, 2013 WL 1786356, at *1 (S.D. Fla. Apr. 25, 2013).

The stated purpose of the statute, as codified, also supports a circumscribed reading.  The FDUTPA is designed "to protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce."  Fla. Stat. § 501.202(2).  It also seeks "to

make state consumer protection and enforcement consistent with established policies of federal law relating to consumer protection." Fla. Stat. § 501.202(3).  Extending FDUTPA protection to non-consumers would not further this purpose. *See Carroll*, 2014 WL 1928669, at *3.

Lastly, a restrictive reading is consistent with the FDUTPA's overall statutory scheme. In ascertaining the meaning of a statute, the court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole. *K Mart Corp. v. Cartier*, 486 U.S. 281, 291 (1988).   Under the FDUTPA, an "unfair practice" is one that "offends established public policy and one that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Rollins, Inc. v. Butland,* 951 So. 2d 860, 869 (Fla. 2d DCA 2006) (internal quotation marks omitted).  A "deception," meanwhile, "occurs if there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *Zlotnick v. Premier Sales Grp., Inc.,* 480 F.3d 1281, 1284 (11th Cir. 2007) (quotation omitted).  And "trade or commerce" is defined as "the advertising, soliciting, providing, offering, or distributing, whether by sale rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated." Fla. Stat. § 501.203(8).  These definitions evince a law designed to protect the consuming public from unscrupulous commercial practices. They do not, as Taft argues, suggest a law designed to protect any person harmed as a result of an unfair or deceptive act affecting commerce.  In a world as globalized and interconnected as today, almost any act could be seen as affecting commerce, however attenuated.  This Court is simply unwilling to go that far.

In short, to have standing under the FDUTPA, a complaint must allege that the claimant is a "consumer" injured by an unfair or deceptive practice in the course of buying or selling goods and services.

      2.    *Taft Does Not Have Standing to Bring a Claim Under the FDUTPA Because She Is Not a "Consumer"*

Taft has failed to establish that she is a "consumer" under the FDUTPA. A "consumer" is one who has engaged in the purchase of goods or services. *See, e.g.*, *N.G.L. Travel Assocs. v. Celebrity Cruises, Inc.*, 764 So. 2d 672, 674 (Fla. 3d DCA 2000). Based on the allegations in the Verified Complaint, Taft is not a "consumer," as she has not engaged in any consumer transaction involving the purchase of goods or services. She therefore lacks standing to bring an FDUTPA claim.

Taft attempts unconvincingly to shoe-horn her claim into an inapplicable statutory scheme by arguing that the Defendants violated the FDUTPA when they unlawfully terminated her. She reasons that, "as an attorney who is a competitor of the DCBA," the Defendants engaged in "unfair methods of competition" when they discriminated and retaliated against her based on her age and disability. This unlawful conduct, Taft argues, gives her standing under the FDUTPA. The Court is unpersuaded. Only under the overly broad interpretation of the statute espoused by Taft and the minority of courts is this argument tenable.

Taft's FDUTPA claim thus fails as a matter of law. Given the facts already alleged, under no conceivable scenario is Taft a "consumer" for purposes of the FDUTPA. And so, because any attempt to cure this deficiency would be futile, Count VIII is dismissed with prejudice for failure to state a claim on which relief can be granted. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (stating that a district court need not allow an amendment to the complaint "where amendment would be futile").

IV.     **CONCLUSION**

For the foregoing reasons, the County and Legal Aid's Motion to Dismiss (ECF No. 11) and the DCBA's Motion to Dismiss Count VIII of Plaintiff's Complaint (ECF No. 13) are granted as follows:

1.      Counts I–VII are dismissed with leave to replead; and

2.      Count VIII is dismissed with prejudice.

The Clerk of Court is instructed to close this case.  All pending motions, if any, are denied as moot.

Done and ordered in Chambers at Miami, Florida, this  _2nd_  day of October, 2015.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

cc:     Counsel of record